IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIVERSITY OF WISCONSIN HOSPITALS
AND CLINICS AUTHORITY,

                                            OPINION AND ORDER

                    Plaintiff,

                                             14-cv-823-bbc

        v.

AETNA HEALTH AND LIFE INSURANCE
COMPANY, AETNA HEALTH INSURANCE
COMPANY and AETNA, INC.

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff University of Wisconsin Hospitals and Clinics Authority filed this lawsuit under the Employee Retirement Income Security Act to recover health costs expended for the benefit of Christine Jendrisak under an employee welfare benefits plan.  Plaintiff and defendants Aetna Health and Life Insurance Company, Aetna Health Insurance Company and Aetna, Inc. have filed cross motions for summary judgment, dkt. ##32 and 36, and both motions are ready for review.

      Plaintiff says that it is entitled to summary judgment because the decision to deny benefits in this case was "so flawed as to deny [Jendrisak] any meaningful opportunity to appeal the denial."  Dkt. #23 at 5.  Defendants say that they are entitled to summary judgment because plaintiff does not have the right to sue in light of a clause in the plan that prohibited Jendrisak from assigning her claim to another party without defendants' consent.

1

(Defendants refer to this issue as "standing," but defendants do not deny that plaintiff suffered an injury from the denial of payment, so the question is more accurately described as one about entitlement to relief rather than standing. Pennsylvania Chiropractic Ass'n v. Independent Hospital Indemnity Plan, Inc., 802 F.3d 926, 928 (7th Cir. 2015).) In addition, defendants say that their decision was reasonable, both substantively and procedurally.

Because I conclude that the anti-assignment provision bars plaintiff's claim, I am granting defendants' motion for summary judgment. This makes it unnecessary to consider the parties' other arguments.


OPINION

Plaintiff's claim arises under 29 U.S.C. § 1132(a)(1)(B), which means that the claim must be brought "by a participant or beneficiary." Plaintiff does not say which of those it believes it is, but it is relying on an assignment that it received from the patient, Christine Jendrisak. Under Kennedy v. Connecticut General Life Insurance Co., 924 F.2d 698, 700 (7th Cir. 1991), a medical provider such as plaintiff can bring a claim as a "beneficiary" if it has a valid assignment from a participant such as Jendrisak.

In this case, it is undisputed that the plan permitted an assignment "only with the written consent of Aetna" and that the record does not contain defendants' consent. Dfts.' PFOF ¶¶ 18-19, dkt. #37. In University of Wisconsin Hospitals & Clinics Authority v. Aetna Health & Life Insurance Co., No. 15-cv-240-wmc, — F. Supp. 3d —, 2015 WL

2

6736983, at *4 (W.D. Wis. Nov. 3, 2015), Judge William Conley relied on <u>Kennedy</u> to conclude that an anti-assignment provision is enforceable, at least when the language of the insurance plan is unambiguous.

Both sides treat Judge Conley's decision as settled law, so I will do the same. However, plaintiff says that Judge Conley's decision is distinguishable because the plan in this case is ambiguous.  In particular, plaintiff cites the following provisions in the plan:

- "You will not have to submit medical claims for treatment received from network providers. Your network provider will take care of claim submission. Aetna will directly pay the network provider less any cost sharing required by you. You will be responsible for deductibles, coinsurance, and copayment, if any."

- "When a physician provides care for you or a covered dependent, or care is provided by a network provider on referral by your physician (network services or supplies), the network provider will take care of filing claims."

Plt.'s Resp. to Dft.'s PFOF ¶¶ 18, dkt. #37.

Plaintiff says that the provisions quoted above make the plan "ambiguous as to what role in-network health care providers play," Plt.'s Br., dkt. #31, at 4, but plaintiff does not explain how these provisions make the anti-assignment clause any less clear.  The provisions plaintiff cites describe the way in which a network provider can collect payment, but they say nothing about whether a patient can assign her right to sue to the network provider. Because these are two separate matters, I see no conflict or even ambiguity created by the

3

provisions plaintiff cites.

Further, defendants cite several cases in which courts have enforced an anti-assignment clause despite provisions that allow direct payment to providers.  E.g., OSF Healthcare Systems v. Weatherford, No. 10-1400, 2012 WL 996900, at *5 (C.D. Ill. Mar. 23, 2012); Zhou v. Guardian Life Insurance Co. of America, No. 01C 4816, 2001 WL 1631868, at *2 (N.D. Ill. Dec. 17, 2001).  Even *without* an anti-assignment clause courts have rejected the argument that a provision allowing direct payment to a network provider makes the provider a "beneficiary" under ERISA.  E.g., Rojas v. Cigna Health & Life Insurance Co., 793 F.3d 253, 258 (2d Cir. 2015), cited with approval in Pennsylvania Chiropractic Ass'n, 802 F.3d at 929.  Thus, I see no merit to an argument that such a provision could overcome an anti-assignment clause.  Because plaintiff cites no contrary authority and does not argue that the anti-assignment clause is unenforceable for any other reason, I am granting defendants' motion for summary judgment.

Because plaintiff has not established that it has any entitlement to relief, it is irrelevant what conversations took place between Ms. Jendrisak's doctor and defendant, the precise ground on which defendant denied the claim or whether plaintiff had a fair chance to appeal the denial of benefits.

However, one  more matter requires attention.  Since 2014, plaintiff has filed more than two dozen cases in the Western District of Wisconsin in which it sought to recover payment for medical services.   Many of these cases it filed erroneously under state law theories, failing repeatedly to recognize that ERISA preempted those state law claims.  As

4

a result, I warned plaintiff that I would consider dismissal as a sanction if plaintiff continued filing state law claims that should have been filed under ERISA.  Case no. 15-cv-280-bbc, dkt. #16 (Sept. 1, 2015).

Now plaintiff has developed a new problem, which is asserting claims for which it has no right to sue.  This case is at least the fourth in as many months in which a court in this district dismissed plaintiff's ERISA claim either because plaintiff did not have an assignment or because the plan included an anti-assignment clause.  Case no. 14-cv-779-wmc, dkt. #44; case no. 14-cv-882-bbc, dkt. #41; case no. 15-cv-250-bbc, dkt. #11.  I strongly encourage plaintiff to review its pending cases in this district to determine whether any of them are vulnerable to dismissal for similar reasons lest plaintiff leave itself subject to sanctions for asserting claims that it should know it cannot win.

ORDER

IT IS ORDERED that the motion for summary judgment filed by Aetna Health and Life Insurance Company, Aetna Health Insurance Company and Aetna, Inc., dkt. #25, is GRANTED, and the motion for summary judgment filed by plaintiff University of Wisconsin Hospitals and Clinics Authority, dkt. #21, is DENIED.  The clerk of court is

directed to enter judgment in favor of defendant and close this case.

Entered this 8th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge